# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

|  |  |  |
|---|---|---|
| **ANDRE M. BRODIE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 5:24-00682** |
| **v.** | ) | |
| | ) | |
| **FCI BECKLEY WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 25, 2024, Petitioner, acting *pro se*,[1] filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 1 and 2.) Petitioner argues that the BOP is improperly refusing to apply his earn time credits pursuant to the First Step Act ("FSA") and the Second Chance Act. (Id.) As relief, Petitioner requests that the BOP be directed to apply his earned time credits. (Id.) On December 4, 2024, Petitioner paid the $5.00 filing fee. (Document No. 5.) By Order entered on December 5, 2024, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 6.) On January 8, 2025, Respondent filed a "Response to the Order to Show Cause." (Document No. 9.) Respondent argues that Petitioner's Petition should be dismissed based upon the following: (1) "Petitioner has not exhausted his administrative remedies" (Id., pp. 8 – 9); (2) "Petitioner is not eligible to apply FTC at this time" (Id., pp. 9 – 11); (3) "18 U.S.C. § 3625 prohibits judicial review of eligibility determinations under the FSA" (Id., pp. 11 – 14); (4) "Even

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

if release determinations were subject to review, BOP's interpretation is entitled to some deference" (Id., pp. 14 – 15); and (5) "Petitioner does not have a liberty interest in early release under the FSA" (Id., pp. 15 – 16). By Order and Notice entered on January 10, 2025, the undersigned notified Petitioner of his right to file a Reply. (Document No. 10.) On February 7, 2025, Petitioner filed a Reply. (Document No. 11.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

2

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS as moot** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

[2]    The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 15, 2025.

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: September 11, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

4