UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ANDRE M. BRODIE,

    Petitioner,

v.                                      CIVIL ACTION NO. 5:24-cv-00682

FCI BECKLEY WARDEN,

    Respondent.

## ORDER

    Pending is Petitioner Andre M. Brodie's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docs. 1, 2], filed November 25, 2024. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 11, 2025. Magistrate Judge Aboulhosn recommended that the Court dismiss Mr. Brodies § 2241 Petition as moot given his release from custody and remove this matter from the docket.

    The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's

findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 29, 2025. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 12**], **DISMISSES AS MOOT** Mr. Brodie's § 2241 Petition [**Docs. 1, 2**], and **REMOVES** this matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 10, 2025



Frank W. Volk
Chief United States District Judge

---

[1] On September 11, 2025, a copy of the PF&R was mailed to Mr. Brodie at FCI Beckley but was returned as undeliverable on September 22, 2025. [Doc. 13]. At this writing, the Bureau of Prisons' Inmate Locator indicates Mr. Brodie is no longer in BOP custody as of August 15, 2025. Inasmuch as Mr. Brodie has failed to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, this matter is ripe for adjudication.